## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANTE GRAHAM**, | ) | Case No. |
| *on behalf of himself and all* | ) | |
| *others similarly situated,* | ) | Judge |
| | ) | |
| Named Plaintiff, | ) | **COLLECTIVE AND** |
| | ) | **CLASS ACTION** |
| v. | ) | |
| | ) | **JURY DEMAND** |
| **AUTONEUM NORTH** | ) | **ENDORSED HEREON** |
| **AMERICA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Named Plaintiff Dante Graham ("Named Plaintiff" or "Graham"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, for his Collective and Class Action Complaint against Defendant Autoneum North America, Inc. ("Autoneum" or "Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and unjust enrichment common law, and states and alleges as follows:

## INTRODUCTION

1.    The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard

of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207.

2.     Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, and state law, in order to recover unpaid wages and other damages from Defendant.

3.     As to Count I, Named Plaintiff seeks to prosecute FLSA claims as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

4.     As to Count II, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and a class of persons who assert claims

under state unjust enrichment common law (the "State Law Class," as more fully defined ).[1]

5.     Named Plaintiff, the FLSA Collective, and State Law Class now seek to exercise their rights to unpaid non-overtime wages, as applicable, overtime wages and additional statutory liquidated damages in this matter, as applicable, other penalties, in addition to prejudgment and post-judgment interest, as applicable, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## I.     <u>JURISDICTION AND VENUE</u>

6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7.     This Court also has supplemental jurisdiction over the unjust enrichment state law claim because these claims arise from a common nucleus of operative facts. *See* 29 U.S.C. § 1367.

---

[1] Some members of the FLSA Collective are also members of the State Law Class, as both are defined hereinafter, as is Named Plaintiff.

8.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose and/or emanated from companywide decisionmakers at Defendant's corporate headquarters, located at 34705 W. 12 Mile Rd., Suite 100, 48331 Farmington Hills, Michigan, which is in this judicial district and division.[2]

9.     In addition, the Court has general jurisdiction over Defendant since its headquarters is located at the address in ¶ 8, in this judicial district and division.

## II.   THE PARTIES

### A.   Named Plaintiff Graham

10.     Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of South Carolina.

11.     During the three years preceding this Complaint, Named Plaintiff worked as an hourly, non-exempt employee for Defendant.

12.     Plaintiff Graham's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**, which is fully incorporated by reference herein.

---

[2] *See* https://www.autoneum.com/company/worldwide-locations/#northamerica (last accessed Oct. 15, 2024).

**B.** **Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise**

13.     Defendant is a foreign for-profit corporation formed under the laws of the State of Delaware.[3]

14.     Defendant produces automobile materials, components, and systems and, pertinent to this complaint, operates manufacturing facilities throughout the continental United States.[4]

15.     Defendant operates multiple facilities to serve its common business purpose under the "Autoneum" brand, including throughout South Carolina, Pennsylvania, Indiana, and Ohio.

16.     At all times relevant, Defendant was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is/was an employer of Named Plaintiff and the State Law Class.

---

[3] *See* https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?token=nBxILn58HwVtv4JMRDwTm1cWblopjmzIgq3FCQzRMH7Z0mRAdeXC1NuHZpw+07X463M8jUfs3XL1zHdKQAJtmxloYh7rFkL+1JDDyrJkiyFy99rLzxXewhsK/InLUTQ1hl5J295LRtbb+cBVMcbpzGO16g2OvBtdEkE9H1+iscY+56gUVbI66WEsRMYM/2VNmiEtDi3WUNrQ+7coV9U9pHOBWO3+GkGzXArp3SV6QJSlanYJm8owBDlghVir+HLt+DC4b59g2X9OYNOjfAWF9M5ZZTIlCp3NmLw9mYSXdo2YzR6fzs24dj8SmwS2EXGWlbK3oYrPI6Xqs8U7SN8RfMOAMeyK3BI0 (last accessed Oct. 15, 2024).

[4] *See* https://www.autoneum.com/company/worldwide-locations/ (last accessed Oct. 15, 2024).

17.    At Defendant's facilities, it employs thousands of hourly, non-exempt production/manufacturing employees, including Named Plaintiff, the FLSA Collective, and State Law Class, in further of its business purposes.

18.    During the relevant time period preceding the filing of this Complaint, it is estimated that there are at least several thousand employees similarly situated to the Named Plaintiff.

19.    The hourly, non-exempt production/manufacturing employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

20.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common control for a common business purpose; namely, the operation of Autoneum production/manufacturing facilities[5] throughout the continental United States.

21.    At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

_____

[5] Further, by "facility," it is intended to mean Defendant's manufacturing/production facilities;  "production" and "manufacturing" will be used interchangeably herein.

22.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Class.

23.     At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain or is required to maintain employee records of Named Plaintiff, the FLSA Collective, and State Law Class.

24.     At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25.     During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

26.     As alleged herein, Defendant applied the policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

27.     Each facility is engaged in related activities, including all activities which are necessary to the operation and maintenance of Defendant's manufacturing/production facilities.

28.     Each facility has common management, ownership, and related interests.

29.     Defendant retains ultimate authority and operational control over significant aspects of the day-to-day functions of Defendant's facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff Graham, the FLSA Collective, and the State Law Class.

30.     Each facility provides the same or similar array of products and services to customers at its facilities.

31.     At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

32.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Class across all of its manufacturing/production and related facilities.

33.     At all times relevant, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of

employees, determine the rate and method of pay of employees, and maintains, or is required to maintain, employee records across all facilities and locations.

## III.   **FACTS**

34.     Named Plaintiff was employed by Defendant as an hourly, non-exempt employee from approximately 2019 until the end of 2022. Named Plaintiff worked as a machine operator at Defendant's manufacturing/production facility located in Aiken, South Carolina.

35.     At all times relevant, Named Plaintiff was an hourly, non-exempt employee.

36.     In his position as a machine operator, Named Plaintiff's primary job duties included, but were not necessarily limited to, operating a machine in order to make molds for vehicles, stack the molds, move them down the line, and also assist fellow production workers as needed.

37.     At all times relevant, Named Plaintiff and the FLSA Collective were also hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

38.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were non-exempt employees within the meaning of 29 U.S.C. § 203(e) and state law.

39.    At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class (as applicable) were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

40.    At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class (who worked overtime hours, as applicable) are entitled to timely paid overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek, 29 U.S.C. § 207.

41.    Named Plaintiff, the FLSA Collective, and State Law Class worked overtime (and non-overtime, as applicable) hours during one or more workweeks during their employments with Defendant.

42.    Like the other members of the FLSA Collective and State Law Class (who worked overtime and non-overtime hours, as applicable), Named Plaintiff Graham worked more than forty (40) hours in one or more workweeks. Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Class worked overtime, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and state law for all of their compensable hours worked due to companywide policies/practices described below.

43.    Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through the unlawful practice of failing to pay all overtime

hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

44.     Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207.

45.     In addition, Defendant has been unjustly enriched at the detriment and expense of Named Plaintiff and the State Law Class as a result of Defendant's failure to pay all non-overtime hours worked by Named Plaintiff and the State Law Class.

**(Defendant's Failure to Pay Wages Due to Defendant's
Unlawful Time Rounding/Editing/Manipulation Policies and/or Practices)**

46.     Defendant applies a company-wide policy whereby Defendant requires its hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and State Law Class to clock in/out[6] each day using Defendant's timekeeping system to keep track of their work hours.

47.     Immediately after clocking in each day, Named Plaintiff, the FLSA Collective, and State Law Class perform integral and indispensable work that begin after they clock in, but prior to the scheduled "start" of their shifts. This mandatory, but unpaid, work includes, but is not limited to, donning personal protective

---

[6] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

equipment such as safety glasses, ear plugs, and gloves ("PPE"), proceeding to the floor/meeting room to engage in a pre-shift meeting whereby Named Plaintiff, the FLSA Collective, and State Law Class were instructed to and expected to complete various pre-shift work to ensure that production was continuously operating to meet production goals. The pre-shift meetings included receiving work assignments, discussing safety issues, discussing production expectations, and receiving other necessary information in order for Named Plaintiff, the FLSA Collective, and State Law Class to perform their job duties.

48.     The aforementioned pre-shift work was conducted by shift supervisors who were instructed to engage in the pre-shift work by upper management employees of Defendant.

49.     In addition, prior to their shift starting times, Named Plaintiff, the FLSA Collective, and State Law Class regularly begin work and perform additional principal activities of their jobs.

50.     For example, after completion of the pre-shift meetings, Named Plaintiff, the FLSA Collective, and State Law Class proceed to their workstations wearing their PPE and relieve the previous shift's worker from their work area/post since the previous shift's workers cannot leave their work area/post until they were relieved by the incoming worker. During this hand-off procedure, Named Plaintiff, the FLSA Collective, and State Law Class also receive additional information

directly related to and necessary for the performance of their job duties from the shift worker they are replacing, such as information about complication(s) with the job/project or machine they are assigned. Additionally, they inspect machines and material, and receive other necessary instruction and information directly related to the performance of Named Plaintiff's, the FLSA Collective's, and State Law Class's job duties.

51.      The aforementioned pre-shift, but unpaid, work regularly exceeded ten (10) minutes per day.

52.      Despite Defendant knowing that Named Plaintiff, the FLSA Collective, and State Law Class are clocked in and working, these employees are not paid for this time. Instead, Defendant paid Named Plaintiff, the FLSA Collective, and State Law Class based on post-edited, rounded, modified, and inaccurate and/or incomplete records, which do not include pre-shift compensable work performed for and to the benefit of Defendant.

53.      Similarly, Defendant required Named Plaintiff, the FLSA Collective, and the State Law Class to continue working up through and including until they were relieved by the incoming shift's employees when they clocked out, ending their workday. However, Named Plaintiff, the FLSA Collective, and State Law Class regularly worked beyond their scheduled "end" of their shifts, during which they engaged in this end-of-shift relief process whereby they would be relieved from their

job duties by the incoming shift, and subsequently clock out. Similar to the unpaid pre-shift compensable work, Defendant generally did not pay them for this work time at the end of their shift.

54.    Despite Named Plaintiff, the FLSA Collective, and the State Law Class working up through and including until they clocked out each day on a regular basis, which resulted in them working beyond the end of their scheduled shifts, Defendant regularly only compensated them for hours worked until their shift end times resulting in unpaid non-overtime and/or overtime compensation.

55.    Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Named Plaintiff, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

56.    Instead, Defendant willfully manipulated "beginning" and "end" of shift time records of Named Plaintiff, the FLSA Collective, and State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

57.    Defendant rounded, edited, and/or otherwise manipulated Named Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks ***exactly*** when they

"punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Named Plaintiff and the FLSA Collective worked more than 40 hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Named Plaintiff and the State Law Class for such hours on a straight time basis.

58.     Despite Defendant knowing that its employees were performing unpaid work that was integral and indispensable to their job duties beyond their scheduled shifts, Defendant did not pay Named Plaintiff, the FLSA Collective, and State Law Class for this beginning and end of shift work.

59.     Thus, during all times relevant, Defendant failed to pay Named Plaintiff, the FLSA Collective, and State Law Class for all overtime and non-overtime work, as applicable, performed because of its policy or practice of not paying employees for the beginning and end of shift work completed.

60.     Defendant's failure to pay for all hours on-the-clock violates the FLSA and state law because Defendant failed to compensate Named Plaintiff, the FLSA Collective, and State Law Class for all time they actually worked for Defendant's benefit.

61.     This integral and indispensable unpaid work performed by Named Plaintiff, the FLSA Collective, and State Law Class was practically ascertainable to Defendant.

62.     The unpaid work performed by Named Plaintiff, the FLSA Collective, and State Law Class constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

63.     Moreover, the unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff, the FLSA Collective, and State Law Class and was part of their continuous workday.

64.     Named Plaintiff, the FLSA Collective, and State Law Class frequently worked over ten (10) daily minutes outside the daily post-edited, rounded, and/or otherwise modified time records submitted to payroll from which Named Plaintiff, the FLSA Collective, and State Law Class were paid.

65.     However, the unpaid work was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Named Plaintiff, the FLSA Collective, and State Law Class performed their actual, principal job duties as described above at the beginning of the workday up through and including until they leave the premises at the end of the workday, Defendant did not pay this time

worked, which was required to be paid as hours worked under the FLSA. Had Defendant implemented policies in compliance with the FLSA and Department of Labor regulations, Named Plaintiff, the FLSA Collective, and State Law Class would have been compensated for additional overtime and non-overtime hours for which they were not paid.

66. As a result of Defendant's failure to pay for all hours worked as a result of the above practices and/or policies, Defendant's failure to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207. Moreover, as a result of Defendant's failure to pay for all non-overtime hours worked as a result of the above practices and/or policies, Defendant was unjustly enriched to the detriment of Named Plaintiff and the State Law Class.

67. Although Defendant suffered and permitted Named Plaintiff and the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay them overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Named Plaintiff, the FLSA Collective, and State Law Class regularly complete/completed tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are

integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally did not count this time as hours worked and/or deducted this time worked, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Named Plaintiff, the FLSA Collective, and State Law Class were not properly paid for many of their hours worked as required by the FLSA and applicable state law.

68.     Defendant shortchanged Named Plaintiff, the FLSA Collective, and State Law Class and avoided paying overtime and non-overtime compensation, as applicable, through Defendant's unlawful policy described above. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's failure to pay for all hours worked violates Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

69.     Moreover, as described above, Defendant utilizes a timekeeping system that captures the exact time that Named Plaintiff, the FLSA Collective, and State Law Class are performing such work, however, Defendant's unlawful policy

described above results in a system that has been rigged in Defendant's favor and is willfully designed to pay less time work than time paid. As a result, Named Plaintiff, the FLSA Collective, and State Law Class have not been able to benefit from Defendant's rounding system; instead, its policy/practice and/or rounding/editing/manipulation system has resulted in, over a period of time, the willful failure to pay Named Plaintiff, the FLSA Collective, and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and state law.

70.    Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise.

71.    The requirement to work overtime by Named Plaintiff, the FLSA Collective, and State Law Class was unavoidable due to production/productivity requirements, and Named Plaintiff, the FLSA Collective, and State Law Class were required to work unpaid hours, including the pre- and post-shift compensable work described above, to complete their job duties. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

72.    Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management

has the power to ….[and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

73. Defendant, through its supervisors and/or managers, knew that Named Plaintiff, the FLSA Collective, and State Law Class were working time for which they were not paid. As a result of Defendant's failure to pay for all hours on-the-clock, Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew that Named Plaintiff, the FLSA Collective, and State Law Class were entitled to overtime and/or non-overtime compensation, as applicable, under federal and/or state law or acted in reckless disregard for whether they were so entitled.

74. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and State Law Class.

**(Unjust Enrichment)**

75. Furthermore, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Named Plaintiff and the State Law Class. Defendant was unjustly enriched in that it induced Named Plaintiff

and the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having either paid or fully paid for the same.

76.    While Defendant represented to Named Plaintiff and the State Law Class that they would be paid for all time spent working for, and to the benefit of, Defendant, Defendant failed to pay for all hours worked that Named Plaintiff and the State Law Class were entitled to be paid, including all non-overtime hours worked up to and including forty (40) hours worked each workweek during their employments.

77.    At the end of the workday and/or workweek, Defendant arbitrarily and without prior notice failed to pay for all hours worked. Named Plaintiff and the State Law Class were ultimately not paid for all non-overtime hours worked at the straight-time hourly rates they were entitled to be paid (including any incentive payments for which they were eligible, as applicable), including as a result of Defendant's unlawful rounding and/or editing policy, and time manipulation practices in conformity with this policy.

78.    Although Named Plaintiff and the State Law Class satisfied the requirements of getting paid for all non-overtime hours at the straight-time hourly rate – by virtue of working on the clock pursuant to Defendant's policies, practices, and requirements – Named Plaintiff and the State Law Class were not paid for all hours worked in full as they were entitled.

79.     Defendant was unjustly enriched from Named Plaintiff and the State Law Class by failing and/or refusing to pay earned wages.

80.     Named Plaintiff and the State Law Class reasonably expected to be paid for all non-overtime hours work at the straight time hourly rates they expected to be paid.

81.     However, while Defendant knew that Named Plaintiff and the State Law Class worked for all the hours that improperly remain unpaid in full, Defendant nevertheless failed to pay for all hours worked because of Defendant's improper time rounding and/or editing policy, and time manipulation practices in conformity with this policy, resulting in less compensation paid than compensation earned and owed.

82.     Defendant benefited from the fruits of Named Plaintiff's and the State Law Class's unpaid labor. Not only did Defendant benefit from Named Plaintiff and the State Law Class by wrongfully retaining the actual monies that should have been paid to Named Plaintiff and the State Law Class as non-overtime wages, Defendant also benefited in the form of increased sales, increased profits, increased ability to compete on the price of Defendant's products, increased revenue, increased payments to ownership/stockholders, increased interest, increased volume, and increased market share, by using the nonpaid wages in furtherance of its business purposes.

83.    Allowing Defendant to retain the benefits provided by Named Plaintiff and the State Law Class under the circumstances presented as outlined above is demonstrably unjust.

84.    As a direct and proximate result of Defendant's unjust enrichment described herein, Named Plaintiff and the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Named Plaintiff and the State Law Class but not paid by Defendant at their straight time hourly rates required to be paid.

**(Defendant's Recordkeeping Violations)**

85.    The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, and 516.7.

86.    For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

87.     Defendant kept records of hours worked, or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff, the FLSA Collective, and State Law Class. However, at the time the hours worked by Named Plaintiff, the FLSA Collective, and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include the beginning and end of shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's record keeping requirements.

**(The Willfulness of Defendant's Violations)**

88.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a large and sophisticated employer, that its workers, including Named Plaintiff, the FLSA Collective, and State Law Class, were entitled to overtime compensation under federal and state law.

89.     By denying Named Plaintiff, the FLSA Collective, and State Law Class overtime compensation as required by the FLSA, Defendant's acts were not based

upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

90.     In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[7]

91.     Upon information and belief, Defendant posts the notices required to be posted under the FLSA which each contain language outlining Defendant's overtime compensation requirements. However, by complying with federal overtime

---

[7]     https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf     (last accessed Oct. 11, 2024) (emphasis original).

payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Named Plaintiff and the FLSA Collective were entitled to overtime compensation. Despite Defendant's knowledge, and mental awareness, of the overtime provisions of the FLSA and state law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant has, for many years, continued to willfully and knowingly fail to pay overtime wages for overtime hours worked to Named Plaintiff and the FLSA Collective.

92.     Moreover, as noted above, as a result of Defendant's timekeeping requirements, Defendant was specifically aware of the actual hours worked by Named Plaintiff, the FLSA Collective, and State Law Class. However, at the time that the hours worked by Named Plaintiff, the FLSA Collective, and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include beginning and end of shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and State Law Class. Ultimately, Defendant altered hours

worked records in an attempt to get around overtime pay requirements. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and state law.

93.     Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA, inasmuch as Defendant had actual notice of the requirements of the FLSA, but nevertheless willfully failed to pay all overtime hours worked.

94.     Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

## IV.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A.    FLSA Collective Action for Unpaid Overtime Wages

95.     Named Plaintiff brings Count I of this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

96.     The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt
> manufacturing/production employees of Defendant in the
> United States during the period of three years preceding
> the commencement of this action to the present who
> worked forty (40) or more hours during one or more
> workweeks and who were not paid overtime compensation
> at one and one-half times the employees' regular rate of
> pay for all hours worked in excess of forty (40) hours per
> workweek.[8]

97.     Such persons are "similarly situated" with respect to Defendant's FLSA

overtime violations, as to the collective group of employees identified above, in that

all were non-exempt employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice of failing to pay overtime compensation for all hours

worked in excess of forty (40) per workweek, and all have the same claims against

Defendant for unpaid overtime compensation as well as for liquidated damages,

attorneys' fees, and costs.

98.     Named Plaintiff and the members of the FLSA Collective, having

willfully been not paid at least the federal overtime wage for the overtime hours they

worked for Defendant pursuant to the common policies described herein, are

---

[8] Named Plaintiff does not seek to send notice to, and the FLSA Collective definition
at this time does not include, any individual who was employed at Defendant's
manufacturing/production facility located in Oregon, Ohio. *See Lemke v. Autoneum
North America, Inc.,* N.D. Ohio Case No. 3:23-cv-1308. Named Plaintiff reserves
the right to amend and refine the definition of the FLSA Collective to whom he seeks
to have provided with Court-authorized notice based upon further investigation and
discovery.

"similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

99.   Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

100.   Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

101.   Throughout his employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

102.   Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

103.   This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

In addition to Named Plaintiff, numerous current and former non-exempt production/manufacturing employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

104.   Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

105.   Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

106.   Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success

of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

107.   Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

108.   These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

109.   The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately several thousand or more persons.

**B.**     **Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

110.    Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the State Law Class defined as:

> All current and former hourly, non-exempt manufacturing/production employees of Defendant during the period of three years preceding the commencement of this action to the present who worked during one or more workweeks and were not timely paid for straight-time wages for all non-overtime hours worked.[9]

111.    The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consist of several thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and was required to maintain, pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

112.    Named Plaintiff is a member of the State Law Class and his claims for unpaid wages are typical of the claims of other members of the State Law Class.

---

[9] Named Plaintiff does not seek to represent, and the State Law Class definition at this time does not include, any individual who was employed at Defendant's manufacturing/production facility located in Oregon, Ohio. *See Lemke v. Autoneum North America, Inc.,* N.D. Ohio Case No. 3:23-cv-1308.

113.   Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

114.   Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that he has undertaken to represent.

115.   Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

116.   Questions of law and fact are common to all members of the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a)   whether Defendant violated state law by failing to pay the State Law Class Members for all non-overtime wages earned because of the violation(s) described herein;

(b)   what amount of unpaid and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendant's violations of common law unjust enrichment;

(c)   whether the unpaid and/or withheld compensation remains unpaid in violation of state law;

(d)   whether Defendant's retention of the wages earned by Named Plaintiff and the State Law Class results in inequity; and

(e)    what amount of backpay, interest, and/or other monetary relief afforded by state law is due to Named Plaintiff and the State Law Class on the non-overtime compensation that was not paid to them.

117.   Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprising of the State Law Class.

118.   Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making appropriate relief with respect to Named Plaintiff and the State Law Class as a whole.

119.   Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

120.   A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of

costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

121.   Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Class as defined herein.

## V.   **CAUSES OF ACTION**

### **COUNT I**
### **(29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)**

122.   Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

123.   This claim is brought as a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

124.   The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

125.   During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

126. Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

127. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not paid for all overtime hours worked as a result of one or more of Defendant's policies and/or practices as alleged above.

128. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

129. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

130. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in the possession of Defendant.

131.   Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

132.   Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

133.   As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (UNJUST ENRICHMENT – RULE 23 CLASS ACTION
### ON BEHALF OF THE STATE LAW CLASS)

134.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

135.    Named Plaintiff brings this claim on behalf of himself and the State Law Class as a result of Defendant's suffering or permitting him and the State Law Class to work for its benefit and for not paying them non-overtime wages for all the time that they worked due to one of more of the pay policies/practices alleged above.

136.    As hereinabove alleged, Named Plaintiff and the State Law Class Members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages that Named Plaintiff and the State Law Class were entitled to be paid. However, Named Plaintiff and the State Law Class were not paid the hourly rates that they were entitled to be paid for all hourly work completed as a result of Defendant's pay policies/practices.

137.    Defendant knew, and realized, that it retained one or more benefits to the detriment of Named Plaintiff and the State Law Class in the form of unpaid wages, but nevertheless failed to pay them anyways.

138.    Defendant has been unjustly enriched at the expense of Named Plaintiff and the State Law Class by the retention of hourly wages that were earned and that rightfully belong to Named Plaintiff and the State Law Class. Defendant was

unjustly enriched in that it induced Named Plaintiff and the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

139.    Allowing Defendant to retain the benefits provided by Named Plaintiff and the State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Named Plaintiff's and the State Law Class's services without compensating them, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

140.    As a result of Defendant having been unjustly enriched, Named Plaintiff and the State Law Class are entitled to compensation for the value of the benefit Named Plaintiff and the State Law Class conferred on Defendant.

141.    Having injured Named Plaintiff and the State Law Class, Defendant is liable to Named Plaintiff and the State Law Class in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A.   Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, time deduction, and other relevant records, necessary to determine similarly situated individuals;

B.   Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.   Issue Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D.   Toll the statute of limitations for all members of the FLSA Collective from the date that this matter was initially filed until the date on which they file consents to join;

E.   Certifying this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the State Law Class and appointing counsel of record as Class Counsel;

F.   Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and the common law doctrine of unjust enrichment;

G.   Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H.   Entering judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

I.    Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J.    Awarding Named Plaintiff, the FLSA Collective, and State Law Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.    Awarding monetary relief to Named Plaintiff and the State Law Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

L.    Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

M.    Awarding to Named Plaintiff, the FLSA Collective, and State Law Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

N.    Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

O.    Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

P.    Awarding such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*/s/ Daniel I. Bryant*

Daniel I. Bryant (OH 0090859)
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Esther E. Bryant* (OH 0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Ebryant@bryantlegalllc.com

*/s/ Ryan A. Winters*

Joseph F. Scott (OH 0029780)
Ryan A. Winters (OH 0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221   F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (OH 0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Named Plaintiff and Other Members*
*of the proposed FLSA Collective and proposed Rule 23 Class Counsel*

*Application to Proceed Pro Hac Vice or Attorney Admission to the Eastern*
*District of Michigan Anticipated*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Ryan A. Winters*
Ryan A. Winters (0086917)