s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Roger Glidwell, JR, *et al.*, | : | Case No. 2:24-CV-12805 |
| Plaintiffs, | : | Hon. Robert J. White |
| | | Mag. Judge Curtis Ivy, Jr. |
| vs. | : | |
| | | **DEFENDANT'S MOTION TO** |
| Autoneum North America, Inc., | : | **STAY BRIEFING ON** |
| | | **PLAINTIFF'S MOTION FOR** |
| Defendant. | : | **COURT-FACILITATED NOTICE** |
| | | **TO POTENTIAL OPT-IN** |
| | : | **PLAINTIFFS PENDING** |
| | | **RESOLUTION OF DEFENDANT'S** |
| | : | **PARTIAL MOTION TO DISMISS** |
| | | **OR, IN THE ALTERNATIVE, FOR** |
| | : | **AN EXTENSION OF TIME TO** |
| | | **RESPOND TO PLAINTIFFS'** |
| | : | **MOTION** |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Autoneum North America, Inc. ("Autoneum" or "Defendant"), through its undersigned counsel, respectfully moves this Court for an order staying the briefing schedule for Plaintiff's Motion for Court-Facilitated Notice To Potential Opt-In Plaintiffs (ECF No. 50) pending the Court's decision on Defendant's Partial Motion to Dismiss (ECF. No. 44.). Defendant further requests that in the alternative, the

8235402.1

Court extend the time for Autoneum to respond to Plaintiffs' Motion until twenty-one (21) days following the Court's decision on this motion.

The bases for this Motion are set forth in the accompanying Brief.

Respectfully submitted,

/s/ Elizabeth L. Bolduc
Lynn Vuketich Luther
Heidi N. Hartman
Elizabeth L. Bolduc
EASTMAN & SMITH LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
LVLuther@eastmansmith.com
HNHartman@eastmansmith.com
ELBolduc@eastmansmith.com

Attorneys for Defendant
Autoneum North America, Inc.

## BRIEF IN SUPPORT

### I. Statement of the Issues Presented

Whether the Court should stay briefing and adjudication of Plaintiffs' Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs pending resolution of Defendant's Partial Motion to Dismiss.

**Answer: Yes.**

## II. Statement Regarding Concurrence

Pursuant to Local Rule 7.1(a), on December 23, 2025, counsel for Defendant contacted Plaintiffs' counsel seeking concurrence in the relief requested in this Motion. As of the filing of this Motion, Plaintiffs' counsel has not responded, and concurrence could not be obtained.

## III. Most Controlling Authorities

- *In re Gen. Motors Corp. Air Conditioning Mktg. & Sales Pracs. Litig.,* No. 18-MD-02818, 2023 WL 8375669, at *1 (E.D. Mich. Oct. 31, 2023);
- *Cobble v. 20/20 Commc'ns, Inc.,* No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017);
- *Clark v. Pizza Baker, Inc.*, No. 2:18-cv-157, 2018 WL 2119309, at *2 (S.D. Ohio May 8, 2018);
- *Knecht v. C & W Facility Servs., Inc.,* No. 2:20-CV-3899, 2021 WL 2662051, at *3 (S.D. Ohio June 10, 2021);
- *Sims v. Time Warner Cable Inc.*, No. 5:17-CV-947, 2017 WL 3047932, at *1 (N.D. Ohio July 19, 2017)
- *Olin-Marquez v. Arrow Senior Living Management, LLC*, No. 2:21-CV-996, 2021 WL 9541258, at *1 (S.D. Ohio Oct. 21, 2021);
- *Doe #1 v. Deja Vu Consulting Inc.*, No. 3:17-CV-00040, 2017 WL 3837730, at *8 (M.D. Tenn. Sept. 1, 2017)

## IV. Argument

### A. Factual and Procedural Background

By way of background, this action is a hybrid collective and class action in which Plaintiffs assert claims against Defendant on behalf of a purported nationwide collective under the Fair Labor Standards Act ("FLSA"), as well as putative class actions under Federal Rule of Civil Procedure 23 for alleged violations of the Ohio

3

Prompt Pay Act and the Pennsylvania Minimum Wage Act. Plaintiffs also assert a putative class under Rule 23 for claims for common-law unjust enrichment, or analogous equitable-recovery theories, arising under the laws of at least eight states: Illinois, Indiana, Kentucky, Michigan, Ohio, Pennsylvania, South Carolina, and Tennessee.

Representative Plaintiffs Glidwell and Kelly are former employees of Defendant. Mr. Glidwell resides in Pennsylvania and was employed by Defendant in Pennsylvania, while Ms. Kelly resides in Ohio and was employed by Defendant in Ohio. Plaintiffs contend that Defendant required employees to perform compensable pre- and post-shift work without proper compensation, resulting in unpaid overtime. Plaintiffs further allege that Defendant's policy of paying employees based on scheduled shift times rather than actual time punches caused systematic underpayment of both straight time and overtime wages.

In lieu of filing an Answer, Defendant filed a partial motion to dismiss, arguing that Plaintiffs failed to state a claim with respect to their FLSA allegations because Plaintiffs did not plead facts sufficient to support a finding of willfulness. Absent a showing of willfulness, the applicable statute of limitations is two years rather than three. Defendant contends that because Plaintiffs failed to adequately plead willfulness, they have not met the standard required to invoke the extended

4

limitations period, and the willfulness allegation should therefore be dismissed from this Action. (ECF Nos. 44 and 47.)

Defendant also seeks dismissal of Plaintiffs' state-law claims, arguing that they substantially predominate over the single federal FLSA claim. Defendant asserts that the nearly eleven state-law claims require distinct elements of proof and provide substantive remedies different from those available under the FLSA. Given the number and breadth of the state-law claims asserted, which differ significantly from the FLSA claim, Defendant argue that the Court should exercise its discretion to decline supplemental jurisdiction. *Id.*

Defendant's partial motion to dismiss remains pending, and no scheduling or case management conference has yet been held. Likewise, the parties have not conducted a Rule 26(f) conference, and no discovery has been exchanged by the parties.

Notwithstanding these things, Plaintiffs now seek court-facilitated notice pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), which permits employees to bring collective actions for and on behalf of themselves and other employees similarly situated, but provides that no employee may become a party plaintiff unless they file written consent with the court. See 29 U.S.C. § 216(b). Before a court will facilitate notice to potential plaintiffs, however, the named plaintiffs must demonstrate a "*strong likelihood*" that other employees are *similarly*

5

*situated*, thereby justifying the Court's exercise of its implied judicial authority to authorize notice. *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). This standard represents a heightened showing from the previously applied "modest factual showing" standard. *Id*. If the Court authorizes notice, Plaintiffs may then, under Court supervision, solicit opt-in consents from current and former employees in accordance with the Court-approved definition of the putative class.

Here, Plaintiffs' Motion seeks to issue court-facilitated notice to a nearly nationwide FLSA putative class, which Plaintiffs' motion acknowledges includes more than 1,000 similarly situated hourly, non-exempt production and manufacturing workers. Specifically, Plaintiffs' motion asks the Court to authorize notice to:

> all current and former hourly, non-exempt production and manufacturing employees of Defendant who worked at any of Defendant's manufacturing or production facilities and were paid for at least forty (40) hours in any workweek beginning October 28, 2021, through the present.

(ECF No. 50.)

Consistent with principles of judicial economy, the preservation of party and judicial resources, and the need to avoid confusion among those individuals Plaintiffs seek to notify about this case, Defendant respectfully requests a stay of

6

briefing and adjudication of Plaintiffs' motion until the Court has ruled on Defendant's pending partial motion to dismiss.

### B. Briefing and Consideration of the Motion for Court-Facilitated Notice Should Be Stayed Pending Ruling of Defendant's Partial Motion to Dismiss.

A district court has broad discretion to control its own docket. *In re Gen. Motors Corp. Air Conditioning Mktg. & Sales Pracs. Litig.,* No. 18-MD-02818, 2023 WL 8375669, at *1 (E.D. Mich. Oct. 31, 2023) quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997). Likewise, courts have inherent discretion to balance the competing interests of the parties, "with the Court's duty to promote judicial economy and efficiency managed its docket." *Cobble v. 20/20 Commc'ns, Inc.,* No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017) (internal quotes and citations omitted). "Indeed, the 'interest of judicial efficiency' is the overriding consideration in these circumstances because determining the order in which particular matters will be addressed in litigation is a quintessential prerogative of the trial court." *Id.* quoting In re Amazon.com, Inc., Fulfillment Ctr. FLSA & Wage & Hour Litig., No. 3:14-md-2504, 2016 WL 8203223, at *1 (W.D. Ky. Apr. 22, 2016).

In this case, Plaintiffs seek to provide notice to a FLSA collective consisting of current and former employees of Defendant dating back to 2021. Defendant's Partial Motion to Dismiss, however, directly challenges the permissible scope of this

7

such collective. Under the FLSA, and as noted above, the general statute of limitations is two years, which may be extended to three years only upon a showing of a willful violation.

As set forth in Defendant's partial motion to dismiss, Plaintiffs have failed to plausibly allege willfulness and therefore fail to state a claim supporting a three-year limitations period. Defendant's partial motion to dismiss thus presents threshold legal issues that directly impact the scope of Plaintiffs' request for court-facilitated notice. The Court should resolve these threshold issues, which define the outer bounds scope of any viable FLSA claim, before addressing whether notice is proper.

As a practical matter, potentially allowing notice to proceed at this stage would create substantial confusion for putative collective members and unnecessarily burden the judicial process. Issuing notice to individuals who may later be found ineligible to participate would be confusing to non-sophisticated recipients and could require the Court and the parties to issue corrective or rescission notices if the scope of the collective is subsequently narrowed. District courts regularly grant stays under these circumstances because resolving threshold legal issues first promotes judicial economy and, most importantly, avoids confusion among potential opt-in plaintiffs by preventing notice from being issued to individuals who may ultimately be found ineligible to participate in the action.

For example, in *Knecht v. C & W Facility Servs., Inc.,* No. 2:20-CV-3899, 2021 WL 2662051, at *3 (S.D. Ohio June 10, 2021), the court held that the "most important factor favoring a stay" of a plaintiff's motion for collective action notice while a defendant's dispositive motion was pending, particularly where issues of personal jurisdiction or the proper legal standard remained unresolved, "is the interest in avoiding confusion to potential opt-in plaintiffs." As such, the court stayed the issuance of notice to putative collective members. *Id.* Applying that principle here, the Court should stay briefing and consideration on plaintiffs' motion to avoid unnecessary confusion.

In addition to avoiding confusion, considerations of efficiency weigh strongly against briefing the issue of authorizing notice before the Court rules on Defendant's Partial Motion to Dismiss. Proceeding with notice-related briefing at this stage would require the Court to expend judicial resources assessing whether court-facilitated notice is appropriate without first determining the permissible scope of any viable FLSA claim. Authorizing notice now would risk substantial inefficiency, as a subsequent narrowing or dismissal of the collective could require the parties and the Court to expend additional resources correcting or rescinding notice, resolving eligibility disputes, and addressing opt-ins who may ultimately fall outside the applicable statute of limitations. As a practical matter, this sequence would not only create confusion for notice recipients, but for the parties and the Court, and could

9

result in additional disputes and briefing. Moreover, disseminating notice before the Court rules on the scope of the FLSA claim would unfairly prejudice Defendant by potentially advising individuals of a claim for which they may ultimately have no legal right to participate. Such avoidable, piecemeal litigation undermines judicial economy and weighs strongly in favor of resolving the pending dispositive motion before addressing notice.

These concerns are compounded by the limited scope of notice briefing. Plaintiffs' motion for court-facilitated notice is confined to whether putative collective members are "similarly situated" and does not permit full consideration of the legal deficiencies raised in Defendant's partial motion to dismiss. As a result, the Court would be asked to authorize notice without addressing dispositive issues that directly define the scope of any permissible collective. Resolving those threshold issues first will promote judicial economy and ensure that any notice ultimately authorized is accurate, appropriately tailored, and directed only to individuals who may properly participate in the action.

Courts routinely stay briefing and adjudication of motions for court-facilitated notice when dispositive motions remain pending, recognizing that resolving threshold legal issues first promotes judicial economy. For example, in *Clark v. Pizza Baker, Inc.*, No. 2:18-cv-157, 2018 WL 2119309, at *2 (S.D. Ohio May 8, 2018), the court stayed briefing on the plaintiff's conditional certification motion, reasoning

that if the motions to dismiss were granted in whole or in part, "the resulting class definition could dramatically change." The court therefore concluded that resolving dispositive motions before addressing class certification issues was the more efficient course. Similarly, in *Cobble v. 20/20 Communications, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *4 (E.D. Tenn. Oct. 11, 2017), the court held that, "in the interest of judicial efficiency, it must defer consideration of plaintiff's conditional certification motion until it has ruled on defendant's motions to dismiss or transfer venue."; See also, *Sims v. Time Warner Cable Inc.*, No. 5:17-CV-947, 2017 WL 3047932, at *1 (N.D. Ohio July 19, 2017) (noting the OHSD court stayed briefing on plaintiffs' conditional certification motion and all discovery until the motion to dismiss was first resolved); *Olin-Marquez v. Arrow Senior Living Management, LLC*, No. 2:21-CV-996, 2021 WL 9541258, at *1 (S.D. Ohio Oct. 21, 2021) (finding that judicial economy would be served by staying briefing and adjudication of a motion for conditional certification pending resolution of motions to dismiss for lack of personal jurisdiction and to transfer venue); *Knecht,* 2021 WL 2662051, at *3 (S.D. Ohio June 10, 2021) (Noting the "Court will save judicial resources by not ruling on such a motion or having to determine which opt-ins' claims to dismiss later based on lack of personal jurisdiction"); *Doe #1 v. Deja Vu Consulting Inc.*, No. 3:17-CV-00040, 2017 WL 3837730, at *8 (M.D. Tenn. Sept. 1, 2017) (noting "when a motion for conditional certification and a motion to compel

11

arbitration are both pending before a district court, courts generally consider the motion to compel arbitration first and, then, if the motion to compel is denied, whether conditional certification is appropriate.").

Here, the Court should apply the principles articulated in the foregoing cases and resolve the threshold issues presented in Defendant's pending partial motion to dismiss before addressing court-facilitated notice. Doing so will promote judicial economy by avoiding unnecessary motion practice and the potential need for the parties to re-brief notice or certification issues after the scope of the operative claims has been determined. Accordingly, the Court should stay briefing and adjudication of Plaintiffs' motion for court-facilitated notice until Defendant's partial motion to dismiss has been resolved.

Moreover, the procedural posture of this case further warrants a stay. Defendant has not yet filed an Answer, and the pleadings are therefore not closed. The Court has not held a case management conference, no scheduling order has been entered, the parties have not conducted a Rule 26(f) conference, and most importantly, no discovery has occurred. Plaintiffs rely on declarations submitted by putative opt-in plaintiffs in support of their motion. (ECF 50-2 and 50-3.) However, Defendant has not had the opportunity to serve written discovery or take depositions to test or evaluate that testimony and opportunity to conduct discovery necessary to evaluate whether Plaintiffs and the proposed putative opt-in plaintiffs are, in fact,

12

similarly situated, particularly across the breadth of the proposed collective. Under these circumstances, proceeding with court-facilitated notice would be premature and further supports staying briefing and adjudication of Plaintiffs' motion. Otherwise, the parties would spend unnecessary time and expense conducting overbroad discovery that would potentially be narrowed upon the Court's ruling on the partial motion to dismiss.

      Accordingly, a brief stay pending resolution of Defendant's partial motion to dismiss will conserve judicial resources by ensuring that such briefing proceeds under the proper legal framework and reflects the correct scope of claims. To avoid confusion, undue burden and expense and to preserve judicial resources, this Motion should be granted and the briefing schedule for Plaintiffs' motion for court-facilitated notice should be stayed until the Court rules on Defendant's partial motion to dismiss. At that time, the Court can set an appropriate schedule for any responsive briefing. Alternatively, should the Court decline to stay briefing on Plaintiffs' Motion for Court-Facilitated Notice, Defendant respectfully requests twenty-one (21) days from the date of the Court's order on this Motion to file its opposition to Plaintiffs' motion.

        Respectfully submitted,

        /s/ Elizabeth L. Bolduc
        Lynn Vuketich Luther
        Heidi N. Hartman
        Elizabeth L. Bolduc
        EASTMAN & SMITH LTD.
        One SeaGate, 27th Floor
        P.O. Box 10032
        Toledo, OH  43699-0032
        Telephone: (419) 241-6000
        Facsimile: (419) 247-1777
        LVLuther@eastmansmith.com
        HNHartman@eastmansmith.com
        ELBolduc@eastmansmith.com

        Attorneys for Defendant
        Autoneum North America, Inc.

## **CERTIFICATION**

I, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

- ☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);
- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);
- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;
- ☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;
- ☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);
- ☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ Elizabeth L. Bolduc
Attorney for Defendant
Autoneum North America, Inc.

## PROOF OF SERVICE

A copy of the foregoing was electronically filed this December 24, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

/s/ Elizabeth L. Bolduc
Attorney for Defendant
Autoneum North America, Inc.