UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE GRAHAM, et al.,

     Plaintiffs,

v.

     Case No. 24-cv-12805

AUTONEUM NORTH AMERICA, INC.,

     Honorable Robert J. White

     Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED
COMPLAINT (ECF No. 44)**

---

Plaintiffs Roger Glidwell, Jr. and Amy Kelly (Named Plaintiffs)[1], individually and on behalf of all others similarly situated, sued Defendant Autoneum North America, Inc. (Autoneum) for failure to pay overtime. (ECF No. 42).  The Named Plaintiffs' complaint included claims under both federal and state law. (*Id.* at PageID.224–33).  Presently before the Court is Autoneum's partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 44).  The motion is fully briefed. (*Id.*; ECF No. 45; ECF No. 47).

---

[1] The amended complaint replaced named plaintiff Dante Graham with the Named Plaintiffs. (ECF No. 42, PageID.187).

For the reasons explained below, the Court will grant in part and deny in part the motion.[2]

## I.     Background

Autoneum is a Delaware corporation that produces automobile materials, components, and systems. (ECF No. 42, PageID.193).  It operates manufacturing facilities throughout the United States, across nine different states. (*Id.*).  Named Plaintiffs are former hourly employees of Autoneum. (*Id.* at PageID.191).  Glidwell worked as a maintenance technician at an Autoneum manufacturing and production facility in Pennsylvania, whereas Kelly served as a mold operator at a similar facility in Ohio. (*Id.*).

As part of their jobs, the Named Plaintiffs and putative collective action and class members (together, the Plaintiffs), had to clock in and out each day using Autoneum's timekeeping system. (*Id.* at PageID.198–99).  Autoneum used the timekeeping system to keep track of the Plaintiffs' work hours. (*Id.*).  Once the Plaintiffs clocked in, they performed mandatory work such as donning personal protective equipment (PPE) and participating in pre-shift meetings where they received work assignments, discussed safety issues, and production goals, among other activities. (*Id.* at PageID.199–200).  This mandatory work occurred prior to the

---

[2] After reviewing the briefs, the Court finds it appropriate to decide the motion absent a hearing. *See Daniel v. W. Asset Mgmt., Inc.*, No. 11-10034, 2011 WL 2412950, at *1 (E.D. Mich. June 14, 2011).

scheduled "start" of the Plaintiffs' shifts. (*Id.*).  Similarly, after their shift "ended," but before Plaintiffs clocked out, Autoneum expected them to continue working up through and until they were relieved by the incoming shift's employees. (*Id.* at PageID.201–02).

The Named Plaintiffs alleged that Autoneum consistently, willfully, and intentionally failed to pay hourly employees overtime compensation for the pre- and post-shift work. (*Id.* at PageID.198).  According to the Named Plaintiffs, Autoneum would round, edit and otherwise manipulate the Plaintiffs' start and stop times despite using a timekeeping system that records exactly when employees punch in and out each day. (*Id.* at PageID.202).  Plaintiffs received payment for their shift time, as calculated by Autoneum, but not for the total time worked; Autoneum did not compensate Plaintiffs for the time-and-a-half owed for their overtime, pre-shift work. (*Id.* at PageID.202–04).

The amended complaint contained four separate claims based on Autoneum's failure to pay overtime. (*Id.* at PageID.224–33).  The claims included: (1) violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 207, *et seq.*, for unpaid overtime compensation (Count I); (2) violations of Pennsylvania wage laws[3] (Count

---

[3] The Pennsylvania law violations are alleged under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* (ECF No. 42, PageID.189, 226–28).

II); (3) violation of Ohio wage law[4] (Count III); and (4) unjust enrichment (Count IV). (*Id.*).  The lawsuit seeks to prosecute the FLSA claims as an FLSA "collective action" (the FLSA Collective Action), *see* 29 U.S.C. § 216(b), on behalf of all similarly situated employees at Autoneum. (ECF No. 42, PageID.188).  The lawsuit also seeks to establish three separate classes under Federal Rule of Civil Procedure 23 for the state law claims. (*Id.* at PageID.189).  The first class would cover individuals with claims under Pennsylvania wage law (the Pennsylvania Rule 23 Class). (*Id.*).  The second class would capture all those with claims under Ohio wage law (the Ohio Rule 23 OPPA Class). (*Id.*).  And the third class would include all individuals nationwide with unjust enrichment claims against Autoneum (the Unjust Enrichment Class). (*Id.*).  The Court will refer to the state law putative classes as the "State Law Classes."

Autoneum moved to dismiss the amended complaint in part on two separate grounds.  Autoneum asked the Court to decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice under Rule 12(b)(1). (ECF No. 44, PageID.255–71).  Autoneum also requested the Court dismiss the FLSA claim to the extent it seeks relief outside of the two-year statute of limitations period. (*Id.* at PageID.271–77).  The Named Plaintiffs opposed the motion. (ECF No. 45).

---

[4]  The Ohio law claim arises under Ohio Revised Code § 4113.15. (ECF No. 42, PageID.228–31).

4

## II.    Legal Standard

A defendant may move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  Courts characterize Rule 12(b)(1) motions as either a "facial attack or a factual attack" on subject matter jurisdiction. *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citation omitted). A facial attack "questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  When a defendant makes a facial attack, "all allegations of the plaintiff must be considered as true." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted).

A defendant may also move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In deciding the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).

5

### III.   Analysis

####   A.   The State Law Claims are Dismissed Without Prejudice.

Autoneum moved to dismiss the Named Plaintiffs' state law claims under Rule 12(b)(1). (ECF No. 44, PageID.254).  Although Autoneum acknowledged that the Court can exercise supplemental jurisdiction over Counts II, III, and IV, given that the Named Plaintiffs stated a federal cause of action, the Court should decline to do so. (ECF No. 44, PageID.255–71).  Instead, the Court should dismiss the state law claims without prejudice as they would substantially predominate over the single FLSA claim and would ultimately confuse a jury. (*Id.*).

In their response, the Named Plaintiffs argued that the Court should retain all claims as they arise from the same common nucleus of fact and would require the same core discovery. (ECF No. 45, PageID.291, 307).  By dismissing the state law claims, the Court sacrifices efficiency and consistency, considering that actions would need to be filed in each state where they arise. (*Id.* at PageID.306–07).  Plus, other district courts in the Sixth Circuit have exercised supplemental jurisdiction over stage wage claims regardless of whether they are more complicated or involve more plaintiffs than the FLSA collective action. (*Id.* at PageID.304).

Under 28 U.S.C. § 1367(a), a district court that has original jurisdiction in a civil action also has supplemental jurisdiction over all other related claims so long as "they form part of the same case or controversy."  The statute, however, does not

mandate that a court exercise supplemental jurisdiction in all cases. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997).  Rather, "[a] district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).  And "a number of valid reasons" exist for a court to decline to exercise jurisdiction. *Chicago*, 522 U.S. at 172.

Section 1367 codifies a list of reasons why a court might choose not to assert jurisdiction.  The list includes situations where state law claims "substantially predominate[]" over federal claims. § 1367(c)(2).  The list also contains a catchall for "exceptional circumstances" where "other compelling reasons" exist to decline jurisdiction. § 1367(c)(4).  Overall, in deciding whether to exercise supplemental jurisdiction, federal courts should consider and weigh "the values of judicial economy, convenience, fairness, and comity." *Chicago*, 522 U.S. at 173 (citation omitted).

There is "no definitive test to determine whether state law predominates over federal claims." *Stephenson v. Family Sols. of Ohio, Inc.*, No. 1:18cv2017, 2021 WL 1253459, at *9 (N.D. Ohio Apr. 5, 2021) (citation omitted).  Courts have considered factors such as whether the state law claims "'outnumber the federal law claims; whether the claims are distinct; and whether [the] state law claims involve proof that is not needed to establish federal law claims.'" *Id.* (quoting *Williamson v. Recovery*

*Ltd. P'ship*, No. C2-06-292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009)). After considering these factors, the Court finds that the state law claims predominate over the FLSA claim such that dismissal is warranted.

To start, the Unjust Enrichment Class alone contains causes of action arising under at least eight different jurisdictions. When added to the claims under the Pennsylvania Rule 23 Class and Ohio Rule 23 OPPA Class, the Court would need to contend with eleven different legal standards and statutory periods to decide the State Law Class claims. That number, and the analysis required, would undoubtedly predominate the single FLSA claim, regardless of whether the claims involve the same set of facts.

The "potential for jury confusion" presents another compelling reason for the Court to not assert supplemental jurisdiction. *Orr v. Roseville*, No. 10-11389, 2010 WL 2595533, at *7 (E.D. Mich. June 24, 2010); *see also Barker v. STA Mgmt., LLC*, No. 23-11542, 2023 WL 9503392, at *1 (E.D. Mich. Oct. 6, 2023) (recognizing "likelihood of jury confusion as an appropriate factor to be considered under § 1367(c)"). The Court finds that the same rationale guides its analysis of jury confusion as it did state law predomination. The state law claims involve a "multiplicity of legal standards, statutory periods, and corresponding evidence" that could overwhelm and confuse a potential jury. (ECF No. 44, PageID.269). The fact that putative plaintiffs must choose to opt-in to an FLSA collective action but may

8

opt-out of a Rule 23 class action could further that confusion, (*id.* at PageID.270). *See Greer v. Trinity Health Corp.*, No. 24-10504, 2024 WL 1395142, at *1 (E.D. Mich. Apr. 1, 2024) (noting that "differences between the federal and state" opt-in procedures "may complicate the matter and give rise to a risk of jury confusion"). Both § 1367(c)(2) and (c)(4) thus justify the Court's decision not to exercise supplemental jurisdiction.

The Court also finds support for its decision in other cases from the Eastern District of Michigan. *See id.* at *1 (finding "the balance of relevant factors weighs in favor of declining to exercise supplemental jurisdiction" over the state wage law claim); *Barker*, 2023 WL 9503392, at *1 (same); *Orr*, 2010 WL 2595533, at *8 (dismissing state law claims under § 1367(c)(2)); *Matthew v. ALC Partner Inc.*, No. 4:08-cv-10636, 2009 WL 2390526, at *2 (E.D. Mich. July 31, 2009) (declining to exercise supplemental jurisdiction where plaintiff sought to assert "dozens of state-law causes of action, many of which would involve differing legal standards and defenses"). Even though not all of the cases cited involved FLSA and state-wage law or unjust enrichment claims, the underlying principle is the same. When state law claims risk controlling the litigation and confusing the jury, the Court need not accept jurisdiction over the claims. Likewise, *Heppard v. Dunham's Athleisure Corp.*, 705 F. Supp. 3d 833, 843 (E.D. Mich. 2023) (Levy, J.), *motion to certify appeal denied*, No. 23-cv-10834, 2024 WL 1759173 (E.D. Mich. Apr. 24, 2024),

which Named Plaintiffs relied on, is distinguishable. (ECF No. 45, PageID.298–99). There, the Court faced only one state law claim alongside the FLSA claim. *Heppard*, 705 F. Supp. 3d at 843.  Here, there are eleven state law claims, involving multiple classes and jurisdictions.

Thus, for the reasons stated, the Court will decline to exercise supplemental jurisdiction over the state law claims and will dismiss them without prejudice.

## B.     The Named Plaintiffs Adequately Pled the FLSA Claim.

Autoneum argued that the Named Plaintiffs did not sufficiently plead a willful violation of the FLSA, so that claim must be dismissed to the extent it asserts injuries outside of the two-year statute of limitations. (ECF No. 44, PageID.271–77).  The FLSA's two-year statute of limitations applies to all cases arising under the statute except those that assert a willful violation. 29 U.S.C. § 255(a).  If the defendant willfully violated the statute, then the statute of limitations extends to three years from the time the cause of action accrued. *Id.*  According to Autoneum, allegations of willfulness require more than an employer's knowledge that it violated the FLSA. (ECF No. 44, PageID.273).  Because the Named Plaintiffs offered only Autoneum's supposed knowledge of the FLSA and the employees' schedules as evidence of willful conduct, the FLSA claim cannot survive as pled. (*Id.* at PageID.274).

Willful refers to "conduct that is not merely negligent." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  That is, "the employer either knew

10

or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.*  "[W]illfulness is a question of fact, [and] a court should only dismiss involving willfulness if there is 'no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party.'" *Spears v. Tarter Gate Co., LLC*, No. 1:24-cv-00149, 2025 WL 2626729, at *2 (W.D. Ky. Sept. 11, 2025) (quoting *Stansbury v. Faulkner*, 443 F. Supp. 3d 918, 935 (W.D. Tenn. 2020)).  To survive dismissal, the plaintiff must allege facts beyond the employer's knowledge of the FLSA. *Hutchins v. Great Lakes Home Health Servs., Inc.*, No. 17-cv-10210, 2017 WL 3278209, at *3 (E.D. Mich. Aug. 2, 2017).  Courts have recognized that facts like an outline of employee policies or information about inadequate record keeping can serve as corroboration for a finding of willfulness. *Id.*

The Court finds that the Named Plaintiffs sufficiently alleged willfulness. Key to the Court's decision is the allegation that Autoneum would edit, round, or modify hours worked after the fact. (ECF No. 42, PageID.200–01).  That is, Autoneum's time-keeping system recorded when hourly employees punched in and out. (*Id.*).  And that system captured the time employees spent working before and after their designated shifts. (*Id.* at PageID.205–07).  Yet the employees never received overtime payment for that non-shift time; instead, Autoneum only paid them for hours worked from their scheduled start and end times. (*Id.* at PageID.201–02).  So even though Autoneum knew or had reason to know the true amount of time

11

an employee spent working (via their time-keeping system), it still allegedly short-changed its hourly employees.  At least, that is what the Court can infer from the pleadings.

Accordingly, the Court finds that the amended complaint adequately alleged a willful violation.  The Court will therefore deny Autoneum's motion to dismiss as it relates to the FLSA claims.

* * *

For the reasons given, the Court **ORDERS** that the motion to dismiss (ECF No. 44) is **GRANTED IN PART AND DENIED IN PART**.

The Court **FURTHER ORDERS** that Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE**.

Dated: March 31, 2026                         s/Robert J. White_____
                                              Robert J. White
                                              United States District Judge

12